United States District Court
District of Kansas

Jeremy Pinson,
    Plaintiff,
v.                                          Case No. 15-3216-SAC-DJW

Paul Laird, Regional Director,
Amber Nelson, Deputy Regional Director,
    Defendants                              COMPLAINT

FILED
SEP -8 2015
Clerk, U.S. District Court
By: _____ Deputy Clerk

## I. Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331-1332 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2. Venue is asserted proper under 28 U.S.C. 1391(e).

## II. Parties

1. Plaintiff Jeremy Pinson is housed at a federal prison in Florence, CO.

2. Defendant Paul Laird is located at 400 State Avenue, Tower II - 8th Floor, Kansas City, KS, 66101. ("NCRO").

3. Defendant Amber Nelson is also located at the NCRO.

4. Both defendants conduct business within the District of Kansas.

1

## III. Statement of Facts

1. Defendants Laird and Nelson supervise multiple facilities in the BOP's North Central Region. They are responsible for the selection of executive level staff at institutions, for setting staffing levels and institution budgets, they are also responsible for investigating allegations made under 28 C.F.R. Part 115 and other misconduct allegations against executive level staff at institutions in the North Central region.

2. They are responsible for protecting inmates under 28 C.F.R. 115.67

3. Plaintiff is a high profile, mentally-ill, transgender inmate. (See Exhibit A).

4. After arriving to USP Florence in April 2015 plaintiff made several PREA complaints against inmates and staff engaged in inappropriate behavior. These complaints were forwarded thru Nelson and Laird.

5. The Warden of USP Florence Theresa Cozza-Rhodes was unusually disturbed by the plaintiff's PREA reporting and send several staff to try to threaten, intimidate and ultimately dissuade plaintiff from any further reports. It did not work.

6. The retaliation was reported to defendants Nelson and Laird by Plaintiff's mother by Telephone. Neither defendant acted to stop the unlawful conduct.

7. On Aug. 8, 2015 USP staff ceased providing plaintiff critical mental health medication and on Aug. 10, 2015 Plaintiff suffered a mental breakdown by injuring herself.

2

8. Warden Cozza-Rhodes ordered plaintiff removed from the Mental health Unit and placed in the Special Housing Unit in solitary confinement, that same day.

9. The combination of losing Mental health medications and renewed isolation led to plaintiff attempting suicide by hanging.

10. Nelson and Laird were advised of the suicide attempt through official reports, emailed to them.

11. The day of the hanging BOP staff ceased providing plaintiff her antiepileptic medications.

12. Within days plaintiff suffered a massive siezure on Aug. 16, 2015. Plaintiff suffered serious head trauma, concussion, contusions and lacerations.

13. Plaintiff who suffers from Gender Dysphoria became agitated by the state of affairs, used a razor to cut open her scrotum and attempted to cut out her testicles. She required outside hospitalization.

14. Again Nelson and Laird were notified via official reports.

15. In addition to these events custody staff beat the plaintiff with gloved fists and steel toed boots 4 times between Aug. 10, 2015 and the present. The plaintiffs mother notified Laird and Nelson who took no action on the report.

16. On the morning this Complaint is written officers told plaintiff, "very soon their gonna find you hanging dead in your cell, ever hear of Kenneth Trentadue?"

3

17. The plaintiff is prescribed but not receiving her mental health and anti-epileptic medications.

18. The plaintiff has bruises on most of her body and is in severe pain from a suspected spinal injury.

### IV. Claims

1. Claim One: Violation of 8th Amendment - Failure to Supervise, Train and Discipline
2. Claim Two: Violation of 8th Amendment - Excessive Force - Failure to Intervene
3. Claim Three: Violation of 8th Amendment - Deliberate Indifference to Medical Needs - Failure to Intervene.

### V. Requested Relief

1. Injunction compelling (1) proper supervision, training and discipline of USP Florence Executive Staff and Staff (2) immediate restoration of plaintiff's medications (3) immediate termination of using force on plaintiff not recorded by camera (4) immediate reinstatement of plaintiff to STAGES Program.

Executed pursuant to 28 USC 1746 under penalty of perjury

Jeremy Pinson #16267-064
PO Box 7000
Florence CO 81226